```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK



-----------------------------X
                             :
VLADISLAV REZNIK,            :
                             :   13-CV-6168 (PKC)(VMS)
              Plaintiff,     :
                             :   June 19, 2015
                             :
              V.             :   Brooklyn, New York
                             :
VADIM SIMAKOV,               :
                             :
              Defendant.     :
-----------------------------X


     TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
        BEFORE THE HONORABLE VERA M. SCANLON
           UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        ANDREY BELENKY, ESQ.




For the Defendant:        NO APPEARANCE


Audio Operator:


Court Transcriber:        ARIA SERVICES, INC.
                          c/o Elizabeth Barron
                          102 Sparrow Ridge Road
                          Carmel, NY 10512
                          (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1          THE COURT:  This is Judge Scanlon.

2          MR. BELENKY:  Good morning, your Honor.

3  This is Andrey Belenky from Hymowitz Law Group for

4  plaintiff.

5          THE COURT:  Just give me a minute.  You're

6  on the line for Reznik v. Simakov, is that correct?

7          MS. KATZ:  Yes, correct.

8          THE COURT:  Let me just give you the very

9  short version and then we'll give you the longer

10 version.  I'm just going to do this decision on the

11 record today.  What we'll do is enter a text order and

12 then order the transcript and send that to Mr. Simakov.

13          Just so you get the overview, I'm going to

14 certify the facts that Mr. Simakov is in contempt.  The

15 process, which I'll explain in a little more detail, is

16 for him to appear before the district judge, who will

17 evaluate the situation and make a final determination.

18 I have a date from the district judge, who is Judge

19 Chen, for July 20th, it's a Monday, at 11:00 a.m.  That

20 hearing is going to be held in her courtroom, which is

21 4F North in the courthouse.  So you should appear.

22 Obviously, Mr. Simakov should.  Given his past actions

23 in this case, I don't know whether he will or not but

24 he'll have notice and he should appear.  I'm just going

25 to read this decision into the record.

1          On a motion for civil contempt, the United

2    States magistrate judge shall certify facts

3    constituting contempt to the district judge unless the

4    case is one in which the magistrate judge presides with

5    the consent of the parties under 28 USC Section 636(c)

6    or it's a misdemeanor case under 18 USC Section 3401.

7    As this case is neither of those, the process is for me

8    to certify facts that constitute the civil contempt to

9    the district judge.

10         This is under 28 USC Section

11   636(e)(6)(B)(3), which provides that the magistrate

12   judge shall forthwith certify the facts to a district

13   judge and may serve or cause to be served upon any

14   person whose behavior is brought into question under

15   this paragraph an order requiring such person to appear

16   before a district judge upon a date certain to show

17   cause why that person should not be adjudged in

18   contempt by reason of the facts so certified.

19         The district judge shall thereupon hear the

20   evidence as to the act or conduct complained of and if

21   it is such as to warrant punishment, punish such person

22   in the same manner and to the same extent as for a

23   contempt committed before the district judge.

24         In this action, the parties have not

25   consented, as I mentioned, to the magistrate judge's

1   jurisdiction and it's not a misdemeanor case proceeding

2   under 18 USC Section 3401.  So I'm going to certify the

3   following facts to District Judge Chen under 28 USC

4   Section 636(e)(6)(B)(3).  As I noted earlier, Mr.

5   Simakov is ordered to appear before the district judge

6   Pamela Chen in courtroom 4F at 225 Cadman Plaza East,

7   Brooklyn, New York on July 20th, 2015 at 11:00 a.m. to

8   explain why he should not be held in civil contempt and

9   punished for such contempt.

10          For the certification of facts, on November

11  6, 2013, plaintiff Vladislav Reznik, who I'll refer

12  subsequently to him as Reznik or plaintiff, initiated a

13  lawsuit against defendant Vadim Simakov, who I will

14  refer to as Simakov or defendant, for violations of

15  federal law, particularly the Fair Labor Standards Act

16  of 1928 which is at 28 USC Section 201 et seq.  We'll

17  refer to that statute as the FLSA, as well as for

18  violations of New York Labor Law.  I'll refer to that

19  as Labor Law or NYLL.

20          Defendant didn't answer or respond and so

21  plaintiff asked the clerk of court to make an entry of

22  default, which the clerk did.  Those two requests are

23  at 9 and 13 on the docket.

24          On March 26, 2014, plaintiff moved for a

25  default judgment and on June 17, 2014, the district

1   judge granted the motion.   Those entries are on the

2   docket at 14 through 19 and the motion grant is at 20.

3          A day later, the clerk of court entered in

4   plaintiff's favor a judgment in the amount of

5   $18,458.94 as well as an instruction that any unpaid

6   amount of plaintiff's award after 90 days shall

7   increase by 15%.   That's on the docket at 21.

8          In connection with judgment enforcement

9   efforts, the plaintiff undertook several actions.   On

10   July 15th, 2014, the plaintiff served a copy of a notice

11   of judgment to the debtor upon Simakov by mailing it to

12   his home.   The record shows that his home address is

13   114 Pemberton Avenue, Staten Island, New York, 10308.

14   That mailing was made by first class mail.   The docket

15   shows at 23 that that mailing occurred.   My review of

16   the paperwork here shows that the service was proper

17   under New York CPLR 5222(d), which governs a notice to

18   a judgment debtor.

19          At least the record that we have before us

20   here is that Simakov did not respond or pay the

21   judgment.   Also on that same day, July 15, 2014, along

22   with a notice to the judgment debtor, plaintiff

23   attempted to serve a restraining notice.   That service

24   was improper or incomplete.   I will discuss the New

25   York State law in a little bit of detail.

1          In relevant part, for the service of a

2   restraining notice, New York CPLR 5222(a) requires that

3   a restraining notice be served upon the judgment debtor

4   in the same manner as a summons or "by registered or

5   certified mail, return receipt requested."

6          As I noted earlier, the documents, the

7   notice to the judgment debtor and the restraining

8   notice were just sent by mail with Postal Service form

9   3187, which is called a certificate of mailing.  That's

10  not the equivalent of registered or certified mail.

11  These documents are on the docket at 23.  You can find

12  a discussion of the registered mail/certified mail

13  issue in a state court case called Jack Mailman and

14  Leonard Flugg DDS, P.C. v. Delvecchio (ph).  It's at

15  757 N.Y.S.2d 216 and 217.  It's a Second Department

16  case from 2014.

17         Just by way of noting, the content of the

18  restraining notice was generally correct, except it was

19  missing particular information with regard to the

20  calculation of interest, which is also required by the

21  CPLR under Section 5222(a).  Even though Simakov

22  received or would be expected to have received the

23  notice by mail, he didn't respond or pay the judgment.

24         Again, on October 3rd, 2014, plaintiff

25  attempted to serve Simakov with an information

1    subpoena.  The service of that information subpoena in

2    October, 2014 also did not comply with the rules

3    governing the service of an information subpoena.

4    These documents are on the docket at 24.  Exhibit 1 is

5    the information subpoena with the restraining notice.

6    The process server's statement says that he verified

7    that the United States Postal Service delivered the

8    documents using online tracking.  Those are Exhibits 2

9    and 3 on docket 24.

10          But similarly as I discussed with the

11   earlier service, both statutes that govern the

12   information subpoena and restraining notice service

13   under the CPLR require that the service be made in the

14   same manner as a summons or by registered or certified

15   mail, both of which require the recipient's signature.

16   You can look at CPLR 5224(a)(3) and New York CPLR

17   5222(a).  The documents showing the mailing are on the

18   docket at 24, particularly pages 1 and 2 and 11 through

19   13.  Again, for a discussion of the CPLR's requirement,

20   you can look at the Mailman and Flood case.

21          I will just note by way of an aside,

22   plaintiff's mail service did not comply with the

23   requirements for alternative service of a summons by

24   mail, which is provided for at CPLR 5224(a)(3) and CPLR

25   2303(a).  You can also look at CPLR Section 312(a).

1    Still, one might expect that Simakov would have

2    received the mailing, even if it wasn't a mailing that

3    would satisfy these particular statutes with regard to

4    the judgment enforcement efforts and still, he didn't

5    respond or pay the judgment.

6            At that point, plaintiff's counsel reached

7    out to the magistrate judge who was then handling this

8    case, who was Judge Azrack, about the defendant's

9    failure to respond.  That is noted on the docket at

10   number 24.  Judge Azrack's law clerk attempted to call

11   Simakov to schedule a telephone conference about the

12   failure to respond to plaintiff's judgment enforcement

13   discovery request.  A male answered the phone,

14   identified himself as Vadim Simakov.  Judge Azrack's

15   law clerk identified herself and Simakov hung up on

16   Judge Azrack's law clerk.  Judge Azrack's law clerk

17   attempted to call Mr. Simakov again several times

18   without success.

19           Now we get to the point where the service

20   improved.  In January, 2015, this case was transferred

21   to me and on January 6, 2015, I issued an order to show

22   cause directing Simakov to respond to the information

23   subpoena or show cause on or before January 23rd, 2015

24   why he should not be required to respond to the

25   information subpoena.  I also ordered Simakov to appear

1  before me in person on January 30th, 2015 at 10:00 a.m.

2  in my courtroom here at 225 Cadman Plaza.  In the

3  notice, I warned Simakov that if he failed to comply

4  with the order to show cause, I had the authority to

5  certify facts supporting a finding of contempt.  I also

6  warned Simakov in that same order to show cause that in

7  the event of a contempt finding, he could face

8  sanctions from the district judge, which may include a

9  fine and/or imprisonment.  You can see my order to Mr.

10 Simakov at docket entry 25.

11          Subsequent to my order on January 7th, 2015,

12 plaintiff's process server personally served Simakov at

13 his home at 114 Pemberton Avenue, Staten Island, 10308.

14 That service included the following:

15          A copy of the notice to judgment debtor.  2)

16 A restraining notice.  3) An information subpoena,

17 which included a self-addressed stamped envelope.  4)

18 An entire copy of the civil docket for this case, which

19 as we've noted is Reznik v. Simakov, which was current

20 at that time through January 6th, as well as a copy of

21 my January 6, 2015 order, which is on the docket at

22 number 25.  On the docket as well is docket entry 26,

23 which is an affidavit of service by Stephanie

24 Paulicelli (ph).

25          It's noteworthy that according to the

1  documents from Ms. Paulicelli, when she knocked at 114

2  Pemberton Avenue, a white man in his early to mid-40s

3  with blue eyes, blond hair, about 6 feet 3 inches tall,

4  weighing over 200 pounds opened the door and stated

5  that he was not Mr. Simakov and stated that Mr. Simakov

6  no longer lived at that address.

7          Ms. Paulicelli then consulted with Simakov's

8  Facebook public profile and learned that the man who

9  told her that he was not Simakov was in fact Simakov.

10 Then Ms. Paulicelli returned to 114 Pemberton and

11 served Simakov with the aforementioned documents.

12 That's described at docket entry 26.

13         On January 6, 2015, the process server -- is

14 it you, Mr. Belenky?  You mailed via priority mail all

15 the same documents that Ms. Paulicelli served to Mr.

16 Simakov at 114 Pemberton Avenue.  Then January 8th,

17 2015, the package was delivered to that address

18 according to the United States Postal Service's

19 tracking service.  You can see that information on the

20 docket at entry number 27.  This combined personal and

21 mail service with the information subpoena, restraining

22 notice and notice of judgment to debtor satisfies the

23 requirements of New York State law with regard to

24 service of judgment enforcement documents.

25         That is the analysis based on looking at the

applicable state law, which is CPLR 5222(a), which

states that a restraining notice may be served

personally in the same manner as a summons, and New

York CPLR 5224(a)(3), which does not say, just by way

of notice, that an information can be personally served

in the same manner as a summons.  But to go back to

that Mailman and Flood case, 195 Misc.2d 275, and I

think I gave you the N.Y.S. earlier, the New York State

Supreme Court did an analysis of the service

requirements and said that an information subpoena may

alternatively be served pursuant to 2303 in the same

manner as a summons.  The annotations to the statute

indicate that personal service is acceptable for

service of an information subpoena.  A report to the

state legislature states that CPLR Section 5224(a) is

derived from various portions of the previous Civil

Procedure Act, which was known as the Civil Practice

Act, and Section 5224(a)'s service requirements for

information subpoena, the notation is the following:

        Although Section 782-A(4) provided for

service of information subpoena by ordinary mail, since

failure of a person to whom the subpoena is directed to

respond within seven days is punishable as a contempt,

expansion of this procedure to other persons dictates a

manner of service better calculated to insure receipt.

1         Then paragraph (3) of subdivision A requires

2 that if service is not made personally, as with other

3 subpoenas, it can be made by registered or certified

4 mail.  The requirement that original copying questions

5 be enclosed is similar to that of the former Section

6 783-A(3)(c) and was designed to enabled persons served

7 to keep a record of the event without undue burden.

8         What's worth noting is the Mr. Simakov has

9 now been sent multiple copies of the judgment

10 enforcement documents.  Ms. Paulicelli's personal

11 service of the information subpoena, restraining notice

12 and other documents upon Simakov at his dwelling place

13 in the State of New York appears to satisfy the

14 personal service part of CPLR 308(2).  Her affidavit is

15 at document 26 on the docket.  Mr. Belenky's mail

16 service of the same documents to Simakov at the last-

17 known address satisfied the mailing requirements of

18 CPLR 308(2).  Together, it appears that service wsa

19 complete and proper.  Given the multiple notices that

20 Mr. Simakov was sent, including personal service, it

21 appears that he had more than fair notice of the

22 information subpoena and supporting documents.

23         Additionally, as to this Court's own

24 requirements, the personal service and mailing service

25 was adequate service of the order to show cause.

1    Additionally, because Ms. Paulicelli personally served

2    the information subpoena and Mr. Belenky mailed a copy,

3    plaintiff satisfied the statutory requirement that a

4    copy and a original of an information subpoena be

5    served.   That requirement can be found in the CPLR at

6    Section 5224(a)(3).

7         Again, by January 23rd, 2015, Simakov had not

8    answered the information subpoena or submitted any

9    documentation or response to the Court's order to show

10   cause.   On January 30th, 2015, Simakov did not appear at

11   the order to show cause hearing.   That's recorded at

12   the docket entry on 1/30/2015.

13        On February 20th, 2015, plaintiff moved

14   before me for certification of facts to further request

15   that the district judge find Mr. Simakov in contempt.

16   That's on the docket at 28.   Plaintiff asked the

17   district judge to order Mr. Simakov to pay $250 a day

18   until her purged his contempt.

19        On February 24th, 2015, the plaintiff filed

20   an affidavit of service indicating a process server

21   nailed the motion for contempt on defendant's door at

22   the Pemberton address and mailed the motion for

23   contempt to the Pemberton address.   This nail and mail

24   service complies with CPLR Section 308(4), which

25   requires that personal service upon a person can be

1   made, where service under paragraphs 1 and 2 cannot be

2   made with due diligence, by affixing the subpoena to

3   the door of the dwelling or usual place of abode within

4   the state of the person to be served and mailing the

5   subpoena to such person at his last-known residence.

6   The process server was unable to effect service

7   pursuant to 308(2) because Mr. Simakov was out of town,

8   then he wouldn't answer his door, as can be seen in the

9   process server's affidavit, number 29.  Additionally,

10  under this Court's own rules, this service would be

11  more than satisfactory.  Again, Simakov has not

12  responded to the Court after the contempt motion was

13  provided.

14          So that's the factual background, the bottom

15  line being that the initial efforts on service didn't

16  satisfy New York State's judgment enforcement service

17  requirements but once we got to January, the service

18  was appropriate and satisfactory.  I do note the

19  history of efforts from the summer and the fall just to

20  underscore the fact that Mr. Simakov has had repeated

21  effort by the plaintiff to make sure that he knows

22  about the judgment and has had an opportunity to

23  comply.  I think also his evasiveness in Ms.

24  Paulicelli's initial effort to serve him personally is

25  worth noting.

1    Having made the above certification of

2    facts, I'm now going to talk about the relevant law and

3    discuss those facts.  The outcome of my recommendation

4    is that I recommend that the district judge find Mr.

5    Simakov in contempt and order him to pay the requested

6    $250 a day until he purges that contempt.

7    While $250 a day is a significant amount of

8    money in connection with a judgment that the principal

9    was less than $19,000, the significant efforts by

10   plaintiff to enforce that judgment show, as I just

11   noted, that Mr. Simakov has made serious efforts to

12   avoid service.  Concomitant results of his efforts to

13   avoid service are in part that he's avoiding the entire

14   judgment enforcement process.  $250 a day may

15   incentivize him to act more responsibly with regard to

16   his obligation to satisfy the judgment.

17   Federal Rule of Civil Procedure 69 allows

18   for the enforcement of a money judgment by a writ of

19   execution in accordance with the procedure of the state

20   where the court is located.  That's Federal Rule of

21   Civil Procedure 69(a)(1).  In aid of the judgment or

22   execution, the judgment creditor may -- I'm giving a

23   slightly abbreviated version but this is the relevant

24   part -- may obtain discovery from any person including

25   the judgment debtor, as provided in these rules or by

the procedure of the state where the court is located.

That's Federal Rule of Civil Procedure 69(a)(2).

New York law allows a judgment creditor to compel disclosure by subpoena of matters relevant to the satisfaction of the judgment.  I've already talked in fair detail about CPLR Section 5223.  A helpful case in noting how an information subpoena may be issued without a court order to compel disclosure of all matters relevant to the satisfaction of judgment in federal court when applying the state rules for the enforcement of a judgment is <u>Jacobsen v. Moler and Moler, Inc.</u>  It's on the docket at 02-CV-6316.  It's a Judge Korman case.  It's published in West Law 2007, 1989260.  You can look at page 1.  It's an Eastern District case, obviously, from July 5th, 2007.

As I stated above in my certification of the facts, plaintiff's January 7th personal service and January 8th mail service in 2015 of the information subpoena, restraining notice, notice to judgment debtor and my January 26th, 2015 order were properly served upon Simakov in the same manner of a summons, going back to the CPLR.  That's CPLR 5222(a), 5224(a)(3), 2303.  As I previously noted, a copy and an original and a self-addressed, stamped envelope were provided to Mr. Simakov.  Again, those docket entries at 26 and 27

1    report on that.

2          The recipient of an information subpoena is

3    required to respond within seven days under CPLR

4    5224(a)(3).  If the recipient to comply, CPLR Section

5    2308(a) states that failure to comply a "judicial"

6    order issued by an officer of the court shall be

7    punishable by contempt of court.  Here, plaintiff's

8    attorney as an officer of the court issued the

9    information subpoena and the CPLR authorized a contempt

10   sanction.

11         Although New York State law authorizes

12   contempt proceedings, federal standards also govern the

13   determination of contempt of my January 6, 2015 order.

14   It's a firmly established principle that federal courts

15   possess the inherent power to punish for contempt.

16   There are many, many cases on this.  Just a couple of

17   examples are a case called Barage v. Feely (ph), 959

18   F.Supp. 631, 634 (S.D.N.Y. 1997); Lead Singer, Inc. v.

19   Cole (ph).  It's a Southern District case, 05-CV-5606.

20   It's published in 2006 W.L. 2266312 (S.D.N.Y. August

21   4th, 2006).

22         A court may hold in contempt a person who,

23   having been served, fails without adequate excuse to

24   obey a subpoena and order related to it under Federal

25   Rule of Civil Procedure 45(g).  Despite proper notice

1  of the information subpoena and my January 6, 2015

2  order, Simakov failed to comply with both.

3          As relief from Mr. Simakov's failure to

4  comply with the information subpoena, plaintiff

5  requests that I certify facts supporting a finding of

6  contempt and requests that I also recommend to the

7  district judge that civil contempt sanctions in the

8  amount of $250 per day be ordered against Simakov until

9  his contempt is purged and he responds to the

10  information subpoena.

11          A party may be held in civil contempt for

12  failure to comply with a court order if:  1) The order

13  the contemnor failed to comply with is clear and

14  unambiguous; 2) the proof of non-compliance is clear

15  and unambiguous; and 3) the contemnor has not

16  diligently attempted to comply in a reasonable manner.

17  That's from Paramedics Electromedicina Commercial

18  Limitada v. G.E. Med Systems Info Technologies, Inc.

19  (ph), 369 F.3d 645, 655 (Second Circuit 2004).

20          The burden is on the movant to show by clear

21  and convincing evidence that a finding of contempt is

22  warranted.  That's also in the Paramedics case, which

23  cites Latino Officers Association City of New York,

24  Inc. v. the City of New York, 558 F.3d 159 at 164

25  (Second Circuit 2009).  Where the movant seeks to

adjudicate a person in civil contempt under Local Rule
83.6, the procedures are specified to be followed.
Local Civil Rule 83.6 requires personal service along
with a copy of Rule 83.6 allowing for recovery of
reasonable counsel fees and allowing the Court to order
the contemnor's arrest.

The motion for contempt satisfies these
elements.  Mr. Simakov has not complied with the
information subpoena or my order.  My order of January
6th was unambiguous and clear as to his obligation to
appear in court on January 30th, 2015.  The proof of his
non-compliance is clear and unambiguous.  Plaintiff has
attested in various affidavits of service that are on
the docket that he received mail service of the
information subpoena twice, personal service once, as
well as mail and personal service of my January 6th,
2015 order.

I already went over plaintiff's statements
with regard to the process server's affidavit and
supporting evidence, which include a copy of a
Department of Finance record showing Mr. Simakov's
address as well as his Facebook photograph, that he
does in fact live at 114 Pemberton Avenue in Staten
Island, New York, and his non-compliance with my order
of January 6th, 2015 is clear through plaintiff's

1  attestation that Mr. Simakov has still not responded to

2  the information subpoena as well as my own observation

3  that Mr. Simakov did not show up at the January

4  hearing.  Additionally, at that hearing, plaintiff's

5  counsel and I waited almost forty minutes for Mr.

6  Simakov to appear, as evidenced by the fact that a

7  conference was scheduled to begin at 10:00 in the

8  morning and I went on the record to notice his failure

9  to appear with a recording that ended at 10:49 a.m.

10         Mr. Simakov has not attempted to comply in

11  any diligent manner.  There's no evidence in the record

12  before the Court, either submitted by plaintiff or to

13  the Court directly, that Simakov has attempted to

14  comply with the information subpoena or with my order.

15  Instead, the evidence is that he has attempted to avoid

16  compliance.  Evidence in support of that conclusion is

17  his complete failure to respond, his refusal to speak

18  with Judge Azrack's law clerk or to take her subsequent

19  calls, his lies to the process server who attempted to

20  make personal service about his identity and his later

21  refusal to open the door.

22         In light of the foregoing, I recommend the

23  district judge find that my certification of facts

24  constitutes contempt and hold Mr. Simakov in contempt

25  of the Court.

1          The plaintiff requests that the Court

2    exercise its discretion to order Simakov to pay $250 a

3    day until he purges his contempt.  The Court has broad

4    discretion to devise coercive sanctions to encourage

5    compliance with court orders as set forth in the

6    Paramedics case at 657.

7          When imposing penalties for a coercive

8    purpose, the district court should consider several

9    factors including:  1) the character and magnitude of

10   the harm threatened by the party's non-compliance; 2)

11   the efficacy of the sanction in bringing about

12   compliance; and 3) the contemnor's ability to pay.

13   That's a citation from Leser v. U.S. Bank National

14   Association, 09-CV-2362.  It's published at 2011 W.L.

15   1004708 at 11 (E.D.N.Y. March, 2011).

16          In this case, as I have already outlined,

17   Mr. Simakov's self-serving non-compliance prevents

18   plaintiff from obtaining the damage award which this

19   Court determined in his favor following Mr. Simakov's

20   failure to participate in the case.  This failure to

21   pay inflicts significant harm on plaintiff, who has

22   diligently attempted to prosecute his case and proven

23   so through no small expenditure of time, energy and

24   money.

25          There is no indication that a sanction of a

1  fixed amount would persuade Mr. Simakov to comply.   In

2  contrast, a sanction that increases over time would

3  better reflect the consequences of his continued non-

4  compliance as well as incentivize him to limit the

5  scope or size of any such sanction by appearing in

6  court and responding to the Court's orders.   And there

7  is no evidence in the record that Mr. Simakov would be

8  unable to pay this sanction.   The contemnor bears the

9  burden of production in raising a defense of inability

10 to pay the sanction.   That's also set forth in the

11 Paramedics at 658.

12         I therefore respectfully recommend that the

13 district judge, in the event she agrees with me that

14 Mr. Simakov is in contempt of court, issue an order

15 that unless Mr. Simakov fully complies with the court

16 order to comply with the information subpoena within a

17 week of service of the Court's order, that he be

18 required to pay plaintiff a sanction of $250 a day

19 while he remains non-compliant.

20         Plaintiff has not suggested the sanction of

21 arresting and imprisoning Mr. Simakov.   That's evidence

22 from the plaintiff's filings on the docket at 28.

23 Before the Court can hold a person in civil contempt,

24 due process requires that a person be given notice that

25 he or she is a defendant in a contempt hearing and if

1    he or she faces possible incarceration, that he or she

2    be afforded the right to counsel.  That's in the <u>Leser</u>.

3    In <u>Leser</u>, it should be noted that the court declined to

4    order the contemnor's arrest where a less drastic

5    remedy might insure compliance.

6              It's not apparent from the record that Mr.

7    Simakov was told of his right to counsel, although the

8    transcript, which the plaintiff must serve upon Mr.

9    Simakov when it's available, will serve as notice.

10   Additionally, the Court will mail Mr. Simakov a copy of

11   this transcript and of the order.

12             Should Mr. Simakov continue in his non-

13   compliance, he will have demonstrated that sanctions

14   less severe than the arrest of his person are

15   ineffective.  The Court therefore recommends that if

16   within sixty days of the district court order Mr.

17   Simakov fails to certify to the Court in writing his

18   full compliance of the information subpoena and any

19   contempt penalties or pays the full underlying judgment

20   including interest, that plaintiff be permitted to move

21   for Mr. Simakov's arrest.  Mr. Simakov would be

22   entitled to be represented by counsel in connection

23   with any arrest.

24             Pursuant to 28 USC Section 636(e)(6)(B)(3),

25   the undersigned certifies the facts discussed to

1  District Judge Chen and makes the recommendations just

2  stated.  Mr. Simakov must appear before the district

3  judge, District Judge Pamela K. Chen, in courtroom 4F,

4  225 Cadman Plaza East, Brooklyn, New York, 11201 on

5  July 20th at 11:00 a.m. in courtroom 4F North to show

6  cause as to why he should not be held in civil contempt

7  and punished for such contempt.

8           Up to seven days before the hearing, Mr.

9  Simakov may file a response for the district judge to

10  consider during the hearing.  Plaintiff is directed to

11  serve a copy of the certification of facts and

12  recommendation on Mr. Simakov once it's available on

13  the docket on or before -- let's say within five days

14  of the entry of the transcript on the docket and no

15  later than -- let me just make sure I have the date --

16  no later than July 1st, 2015 and then file proof of

17  service by July 6th, 2015.  Additionally, in accordance

18  with the local rules, particularly Rule 83.6, plaintiff

19  must serve a copy of the order that will be entered,

20  the transcript and a copy of the Local Rule 83.6.

21           I believe that is everything.  Any questions

22  or issues for you, Mr. Belenky?

23           MR. BELENKY:  Regarding the service of

24  papers, do we need to serve him personally?

25           THE COURT:  Yes.  We'll mail him a copy but

1   you need to serve him personally because he may find

2   himself subject to the contempt.  Additionally, if he

3   fails to comply, then he may ultimately be subject to

4   arrest, so he's entitled to notice.  If you look at

5   Local Rule 83.6, personal service is required, all

6   right?

7           MR. BELENKY:  Yes, your Honor.

8           THE COURT:  Anything else?

9           MR. BELENKY:  Do you know when the

10  transcript of this is going to be available?

11          THE COURT:  We are going to order it today.

12  It should be available in a day or two.

13          MR. BELENKY:  Okay.

14          THE COURT:  After the weekend.  If it

15  doesn't appear on the docket, then you should call my

16  deputy and we'll see what we can do about making sure

17  it's available, okay?

18          MR. BELENKY:  Yes.

19          THE COURT:  Thank you.  Bye.

20                  * * * * * * * * *

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18      I certify that the foregoing is a correct

19  transcript from the electronic sound recording of the

20  proceedings in the above-entitled matter.

21

22

23

24

25  ELIZABETH BARRON            June 22, 2015