FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 3 0 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VLADISLAV REZNIK,

                Plaintiff,

        v.

VADIM SIMAKOV,

                Defendant.
------------------------------------------------------------x

**ORDER OF ARREST**
13–CV–6168 (PKC)

PAMELA K. CHEN, United States District Judge:

WHEREAS on June 18, 2014, default judgment was entered in favor of Plaintiff Vladislav Reznik ("Plaintiff") in the amount of $18,458.94 plus an additional fifteen (15) percent should that amount remain unpaid after ninety (90) days (*see* Dkts. 20, 21);

WHEREAS Plaintiff sought post-judgment discovery regarding the financial status of Defendant Vadim Simakov ("Defendant") through an information subpoena, accompanied by a restraining notice (*see* Dkt. 24);

WHEREAS Defendant failed to comply with the properly served information subpoena, despite repeated unsuccessful attempts by a law clerk of this Court to contact Defendant regarding that failure (*see* Dkt. 25);

WHEREAS on January 6, 2015, the Honorable Vera M. Scanlon ordered Defendant to either answer Plaintiff's information subpoena or show cause as to his failure to do so, and set a hearing for January 30, 2015 (*see* Dkt. 25);

WHEREAS Judge Scanlon's order, along with a copy of the entire civil docket in this case and Plaintiff's information subpoena, among other documents, were served on Defendant personally and by priority mail (*see* Dkts. 26, 27);

1

WHEREAS Defendant failed to comply with Judge Scanlon's order and further failed to appear at the January 30, 2015 hearing;

WHEREAS, on Plaintiff's motion, Judge Scanlon set a contempt hearing for June 19, 2015, at which Defendant again failed to appear, despite having received notice via U.S. mail;

WHEREAS Judge Scanlon recommended that this Court find Defendant in contempt of court, impose a $250 *per diem* sanction until Defendant purged his contempt, and permit Plaintiff to move for Defendant's arrest in the event that Defendant still failed to comply (*see* Dkt. 30);

WHEREAS Defendant was notified of the results of this hearing through personal service of Judge Scanlon's recommendations and the hearing transcript itself (*see* Dkt. 32);

WHEREAS, on July 20, 2015, this Court adopted in full Judge Scanlon's certified facts and recommendations, found Defendant in contempt, permitted Defendant until August 3, 2015 to comply with Plaintiff's information subpoena, sanctioned any failure to comply by the August 3, 2015 deadline with a $250 *per diem* payment until the date of full compliance, and notified Defendant that, should he fail to purge his contempt by August 10, 2015, this Court would issue an Order for his arrest, in connection with which Defendant would be entitled to counsel (*see* Dkt. 33);

WHEREAS this Court's July 20, 2015 Order was personally served on Defendant (*see* Dkt. 34);

NOW, it appearing that Defendant, having violated the Court's July 20, 2015 Order, remains in willful contempt of this Court, it is hereby ORDERED:

1. That a warrant for Defendant's arrest, directing the United States Marshals Service to place Defendant in the custody of the Federal Bureau of Prisons, shall be issued forthwith;

2.  That Defendant shall remain in the custody of the Federal Bureau of Prisons until such time as he purges his contempt by complying with Plaintiff's information subpoena and paying all monetary sanctions, plus reasonable attorneys' fees incurred in connection with Plaintiff's motion to hold Defendant in contempt, as well as the costs of enforcing this Order;

3.  That, pursuant to Federal Rule of Civil Procedure 4.1(b), the United States Marshals Service shall take all necessary steps to enforce this Order, including reasonable, non-deadly force, and shall be permitted to enter forcibly into Defendant's premises at 114 Pemberton Avenue, Staten Island, New York 10308, if Defendant is reasonably believed to be inside and if requested access to such premises is withheld; and

4.  That Plaintiff shall serve a copy of this Order on Defendant, no later than December 1, 2015, by personal service and priority mail, and file proof of such service promptly after all methods of service are complete.

SO ORDERED:

s/PKC
_____
PAMELA K. CHEN
United States District Judge

Dated: November 30, 2015
       Brooklyn, New York